UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD ELOY RILE,<br><br>Plaintiff,<br><br>v.<br><br>LAND HOME FINANICAL SERVICES, INC., et al.,<br><br>Defendants. | No. 2:24-cv-0184 DAD DB PS<br><br><br><br>ORDER |

Plaintiff James Edward Eloy Rile is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendants' motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), as well as various motions filed by plaintiff, including several motions for a temporary restraining order.  (ECF Nos. 1, 2, 6-8, 10, 17, 21, 25, 32, 43.)  For the reasons stated below, defendants' motions to dismiss will be granted, plaintiff will be granted leave to file a third amended complaint, and plaintiff's various motions will be denied without prejudice to renewal.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on January 17, 2024, by filing a complaint and paying the applicable filing fee.  (ECF No. 1.)  Plaintiff is proceeding on a second

1

1  amended complaint filed on April 29, 2024.  (ECF No. 20.)  The allegations found therein are
2  extremely difficult to decipher but appear to concern prior state court actions.  Prior to filing the
3  second amended complaint plaintiff filed motions for a temporary restraining order, a motion for
4  an arrest warrant, and a demand to vacate what are referred to as lower court rulings.  (ECF Nos.
5  2, 6-8, 10, 17.)

6  On April 30, 2024, defendants SchoolsFirst Federal Credit Union, Bill Cheney, and Todd
7  DeVoogd ("defendants SchoolsFirst"), filed a motion to dismiss pursuant to Rules 12(b)(1) and
8  12(b)(6).  (ECF No. 21.)  On May 3, 2024, defendant Land Home Financial Services, Inc., filed a
9  motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  (ECF No. 25.)  On May 16, 2024,
10  defendant Nicole P. Dogwill filed a motion to dismiss pursuant to Rule 12(b)(6).  (ECF No. 32.)
11  Plaintiff file numerous documents thereafter, which the undersigned will construe as opposition to
12  defendants' motions to dismiss.  (ECF Nos. 23, 27-30, 31, 37, 42.)  Defendants SchoolsFirst's
13  motion to dismiss was taken under submission on May 28, 2024.  (ECF No. 28.)  On June 5,
14  2024, plaintiff filed another motion for a temporary restraining order.  (ECF No. 43.)

**STANDARDS**

**I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

17  Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by
18  motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific
19  claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may
20  either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the
21  existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,
22  594 F.2d 730, 733 (9th Cir. 1979).

23  When a party brings a facial attack to subject matter jurisdiction, that party contends that
24  the allegations of jurisdiction contained in the complaint are insufficient on their face to
25  demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039
26  (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards
27  similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,
28  23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

2

1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

**II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,

520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

**ANALYSIS**

**I.      Defendants' Motions to Dismiss**

Review of defendants' motions to dismiss finds that they should be granted, as the second amended complaint is severely defective. In this regard, the second amended complaint consists of three distinct complaints, constituting hundreds of pages of vague and conclusory allegations against distinct defendants. (ECF No. 20 at 1; ECF No. 20-1 at 1; ECF No. 20-2 at 1.) Moreover, the allegations found therein are essentially incomprehensible.

For example, plaintiff alleges that:

> Affiant's is beneficiary and executor of the dead fictional PERSON the Trust/Estate that is no longer lost at sea and this Affiant is not a minor and has taken claim of the Dead Fictional Person names in the Trial Courts as JAMES EE RILE therefore no judge or United States Magistrate Judge can have consent of any jurisdiction over One of We the People that is a Living breathing man that blood runs through my body as this Affiant is not the corporate fictional dead person that has contracted through any court hearing or court rulings.

(Sec. Am. Compl. (ECF No. 20) at 4.) That on October 26, 2023, plaintiff "pulled the entire court case 22FL05099 from the Superior Court and placed it in the Appellate Court," but defendant Kara Kimiko Ueda ordered "the Sacramento County Garnish Department to illegally cease

without due process of law . . . from [plaintiff's] Trust payroll account on October 27, 2023."[1] (Id. at 16.)  That defendant Ueda never obtained "jurisdiction that allows you to place any order and Findings After hearing order on this Affiant's Trust" and the defendant Ueda was "assuming to appear to have jurisdiction over this natural man, living man this Affiant[.]"  (Id. at 34.)

That in April of 2023, defendant Richard Mark Rose "conspired with acting Judge Myrlys Stockdale Coleman and used Affiant's trust stolen expired passport and had expired driver's license to attempt to secure jurisdiction."  (ECF No. 20-1 at 12.)  That because defendant Rose could not provide "his Doing Business As" paperwork "the entire Superior Court case 22FL05088 is dismissed/discharged with extreme prejudice[.]"  (Id. at 13.)  And that "Acting Judge Myrlys Stockdale Coleman . . . continued the court case from March 20, 2024 to April 13, 2023 even after the understanding that the Living man in your courtroom was the Beneficiary and not the Assume all caps Name that is the Dead Fictional Person James EE Rile."  (ECF No. 20-2 at 28.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Because plaintiff's allegations vaguely reference state court actions, plaintiff is advised that under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection

---

[1] It appears that Kara Kimiko Ueda is a Sacramento County Superior Court Judge.  See https://www.saccourt.ca.gov/general/judicial-phone.aspx

Case 2:24-cv-00184-DAD-DB   Document 44   Filed 06/07/24   Page 6 of 12

of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the

state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

It may be that plaintiff is attempting to allege a claim of extrinsic fraud. Extrinsic fraud occurs "when a party is denied a fair adversary hearing because he ha[s] been deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense." In re Marriage of Stevenot, 154 Cal.App.3d 1051, 1064 (1984) (quotation omitted). "[A] plaintiff in federal court can seek to set aside a state court judgment obtained through extrinsic fraud." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1141 (9th Cir. 2004).

However, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly–Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).

Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). Likewise,

"[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess v. Ciba—Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).  Here, the second amended complaint is devoid of such factual allegations.

Additionally, unless the action was "taken in the complete absence of all jurisdiction," judges are absolutely immune from civil liability for actions taken in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  In this regard, "[a] judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority."  Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999); see also Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) ("judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."); Wagenknecht v. U.S., 533 F.3d 412, 418 fn.5 (6th Cir. 2008) ("A judge who acts in excess of his jurisdiction is immune from suit, whereas a judge who acts in a clear absence of any jurisdiction might not be immune from suit."); Wolfe v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004) (§ 1983 grants "judicial immunity from suit for injunctive relief for acts taken in a judicial capacity").

Here, because plaintiff's second amended complaint fails to state a claim upon which relief can be granted, defendants' motions to dismiss will be granted.

**II.     Further Leave to Amend**

The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, the undersigned cannot yet say that it appears beyond doubt that further leave to amend would be futile.  Plaintiff's second amended complaint will therefore be dismissed, and

1  plaintiff will be granted leave to file a third amended complaint.  Plaintiff is cautioned, however,
2  that if plaintiff elects to file a third amended complaint "the tenet that a court must accept as true
3  all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare
4  recitals of the elements of a cause of action, supported by mere conclusory statements, do not
5  suffice."  Ashcroft, 556 U.S. at 678.  "While legal conclusions can provide the complaint's
6  framework, they must be supported by factual allegations."  Id. at 679.  Those facts must be
7  sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 680 (quoting
8  Twombly, 550 U.S. at 557).

9        Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
10  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
11  in itself without reference to prior pleadings.  The third amended complaint will supersede the
12  second amended complaint just as the amended complaint superseded the original complaint.  See
13  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were
14  the initial complaint filed in the case, each defendant must be listed in the caption and identified
15  in the body of the complaint, and each claim and the involvement of each defendant must be
16  sufficiently alleged.  Any amended complaint which plaintiff may elect to file must also include
17  concise but complete factual allegations describing the conduct and events which underlie
18  plaintiff's claims.  Moreover, plaintiff's third amended complaint shall be no more than thirty
19  pages.[2]

20  **III.   Plaintiff's Motions for a Temporary Restraining Order**

21        Plaintiff has filed several motions for a temporary restraining order.  (ECF No. 2, 6-8, 43.)
22  The legal principles applicable to a request for injunctive relief are well established.  To prevail,
23  the moving party must show either a likelihood of success on the merits and the possibility of
24  irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in
25  ////

---

[2] Plaintiff has frequently attempted to communicate via telephone calls and emails, despite being advised that such communications should be made in filed pleadings.  Plaintiff is directed to cease attempting to convey information via telephone call and emails that should be found in filed documents.

the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id. Moreover, the court will not entertain a motion for injunctive relief that is not supported by: (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 231.

Here, plaintiff's filings fail to comply with Local Rule 231. Moreover, the second amended complaint is being dismissed for failure to state a claim. In the absence of a complaint that states a claim for relief the undersigned cannot evaluate plaintiff's likelihood of success or the risk of irreparable injury. Accordingly, plaintiff's motions will be denied without prejudice to renewal. If plaintiff elects to file a new application, plaintiff shall ensure compliance with Local Rule 231.

**IV.     Plaintiff's Motion for an Arrest Warrant**

On February 20, 2024, plaintiff filed a "Motion for Arrest Warrant" seeking "the entry of the arrest warrant" to "place a cease and desist to all lower courts that will order an eviction or an unlawful detainer to deprive" plaintiff "and his family of their private property." (ECF No. 10 at 3.) Plaintiff's filing provides no authority that would permit the undersigned to issue an arrest warrant related to a state court unlawful detainer action. Nor is the undersigned aware of any such authority. Plaintiff's motion will be denied without prejudice to renewal.

**V.      Plaintiff's Motion to Vacate**

On April 19, 2024, plaintiff filed a motion to vacate "all lower court's ruling and court's hearing." (ECF No. 17 at 1.) The filing specifically references "Superior Court Cases 22FL05088 and Unlawful Detainer 24UD01562." (Id.) Again, the undersigned is aware of no

authority that would allow this court to vacate the rulings of the superior court based on the vague and conclusory allegations plaintiff has presented here. Moreover, plaintiff is again advised to review the Rooker-Feldman doctrine. Accordingly, plaintiff's motion will be denied without prejudice to renewal.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' SchoolsFirst's April 30, 2024 motion to dismiss (ECF No. 21) is granted;

2. Defendant Land Home Financial Services Inc.'s May 3, 2024 motion to dismiss (ECF No. 25) is granted and the June 14, 2024 hearing is vacated;

3. Defendant Nicole Dogwill's May 16, 2024 motion to dismiss (ECF No. 32) is granted and the June 21, 2024 hearing is vacated;

4. The second amended complaint filed April 29, 2024 (ECF No. 20) is dismissed with leave to amend;

5. Within twenty-eight days from the date of this order, a third amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3] The third amended complaint shall be no more than thirty pages, must bear the case number assigned to this action, and must be titled "Third Amended Complaint";

6. Plaintiff's motions for a temporary restraining order (ECF Nos. 2, 6, 7, 8, 43) are denied without prejudice to renewal;

7. Plaintiff's February 20, 2024 motion for an arrest warrant (ECF No. 10) is denied without prejudice to renewal; and

////
////
////
////

---

[3] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

11

8. Plaintiff's April 19, 2024 motion to vacate all lower court rulings (ECF No. 17) is denied without prejudice to renewal.

Dated: June 6, 2024

DLB:6
DB\orders\orders.pro se\rile0184.mtd.ord

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE