UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EDWARD ELOY RILE,

Plaintiff,

v.

LAND HOME FINANICAL SERVICES, INC., et al.,

Defendants.

No.  2:24-cv-0184 DAD SCR PS

FINDINGS AND RECOMMENDATIONS

Plaintiff James Edward Eloy Rile is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  The operative pleading is a third amended complaint ("TAC").  (ECF No. 46.)  Pending before the undersigned are various Defendants' motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rule") (ECF Nos. 47, 51, 52, 53, 61, 68) as well as various Defendants' motions to strike (ECF Nos. 57 & 68).  The motions were submitted without oral argument.  (ECF No. 70.)

While Plaintiff's pleadings are difficult to follow, this case appears to concern primarily the foreclosure upon and seizure of a truck that Plaintiff had financed in 2021.  The previously assigned magistrate judge found that Plaintiff's second amended complaint had failed to state a

claim upon which relief could be granted and explained what he had to do to cure the deficiencies in his pleadings.  However, the TAC also fails to state a claim upon which relief can be granted, and fails to establish a basis for federal jurisdiction.  For the reasons stated below, the undersigned recommends that Defendants' motions to dismiss be granted without further leave to amend, and the motions to strike be granted.

## I.   BACKGROUND

### A.  The TAC

Plaintiff commenced this action on January 17, 2024, by filing a complaint and paying the applicable filing fee.  (ECF No. 1.)  Plaintiff is suing a number of financial institutions and individuals who purportedly work for those financial institutions ("Financial Institution Defendants").  He is also suing several judges and other judicial personnel ("Judicial Defendants").  On June 6, 2024, Magistrate Judge Barnes, the previously assigned magistrate judge, granted Defendants' motions to dismiss the second amended complaint, but granted Plaintiff leave to amend.  Magistrate Judge Barnes found the second amended complaint failed to comply with the Federal Rules of Civil Procedure and failed to state a claim on which relief could be granted.  (ECF No. 44.)  Plaintiff filed a document that was docketed as the TAC on July 2, 2024.  (ECF No. 46.)

The TAC is in substance a set of legally nonsensical objections to Magistrate Judge Barnes' June 6, 2024, order.  It begins with a "Judicial Notice" directed to Magistrate Judge Barnes which, among other things, purports to constitute "[f]indings of fact and conclusions of law" under "Civ.R. 53" and to "deliver[] a judgment overruling Magistrate's June 6th 2024 order[.]"  (ECF No. 46 at 1.)  The TAC goes on to make assertions about the supposed requirements of "Civ.R 53," though those assertions appear to bear no relation to the cited provisions of Federal Rule of Civil Procedure 53, which is irrelevant in any event because it concerns special masters.  (*Id*. at 2.)  The TAC also argues that Magistrate Judge Barnes' ruling violates a recent Supreme Court decision about federal agencies' administrative lawmaking powers and that "the United States District court is not a true United States of America court established under Article III[.]"  (*Id*. at 3.)  The TAC then identifies a number of state and federal

2

1    judges and court personnel who have allegedly violated Plaintiff's "Copyright and Trademark"

2    rights and committed other "unconstitutional acts . . . including but not limited to, for intentional

3    infliction of damages, injury, and harm inflicted . . . violation of due process, deprivation of rights

4    under color of law . . . , breach of fiduciary duty, conspiracy, and for piracy, plundering of a

5    distressed vessel[.]"  (*Id*. at 3-4.)  Plaintiff then refers to another recent Supreme Court case to

6    suggest that a foreclosure sale of his "distressed property" was unlawful.  (*Id*. at 4-5.)

7        The TAC eventually gets to the loans and property that are apparently at issue in this case,

8    though does so through conclusory and confusing allegations.  Plaintiff alleges that Defendant

9    SchoolsFirst Federal Credit Union ("FCU") made a loan to him that "is full of prima facie

10   fraudulent defects that require further explanation to point out and bring forth the many said

11   defects to Defendant's alleged claim(s) on and for the record."  (*Id*. at 6.)  Plaintiff then claims

12   that a 2008 Dodge truck "could never" have "been collateral" for an identified loan because "the

13   vehicle in question . . . still was not in possession" of Plaintiff or Defendant SchoolsFirst FCU in

14   2021, "making the loan an unsecured loan."  (*Id*.)  Plaintiff alleges that one basis for fraud is that

15   he was listed as a co-signer on the loan with his spouse, where under a particular federal

16   regulation a spouse by definition cannot be a "co-signer."  (*Id*.)  Plaintiff also summarily alleges

17   that Defendants Land Home Financial Service and Mortgage Electronic Registration System, Inc.

18   ("MERS") "together conducted fraudulent acts in order to steal Affiant's distressed property," but

19   does not explain what those alleged fraudulent acts are, or even exactly what property they

20   allegedly stole.  (*Id*.)  Plaintiff also alleges that a bankruptcy proceeding from 2020 somehow

21   affects the claims that certain of the defendants make to an otherwise unidentified "Deed of

22   Trust."  (*Id*.)

23       The TAC also includes several exhibits.  Exhibit A is a "motion for judicial notice" that

24   Plaintiff apparently filed in California's Third District Court of Appeal in a case between Plaintiff

25   and his spouse.  (*Id*. at 8-12.)  Exhibit B is a loan agreement and disclosure statement between

26   Plaintiff and his spouse and Defendant SchoolsFirst FCU.  (*Id*. at 13-23.)  Exhibit C is a DMV

27   registration for a 2008 Dodge—apparently the vehicle at issue in this case—dated July 2, 2021.

28   (*Id*. at 24.)  Exhibit D consists of documentation from the transfer of that 2008 Dodge to Plaintiff

and his spouse.  (*Id*. at 25-30.)  Exhibit E is an eviction notice from a Sacramento Superior Court case brought against Plaintiff and others pertaining to an address in Galt, California.  (*Id*. at 31-36.)  Exhibit F is "supplemental document to California Evidence Code 451 & 452" that contains a range of legal pronouncements.  (*Id*. at 37.)

### B. Defendants' Motions to Dismiss

On July 16, 2024, three sets of Defendants filed motions to dismiss.  Defendant SchoolsFirst Federal Credit Union filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  (ECF No. 47.)  Defendants Dovenmuehle Mortgage, Inc., Harry Swanson, Christopher Miranda and Kevin Mayers filed a motion to dismiss pursuant to Rule 12(b)(6).  (ECF No. 51.) Defendants Travis Credit Union and Kevin Miller filed a motion to dismiss pursuant to Rules 41(b), Rule 12(b)(1), and 12(b)(6).  (ECF Nos. 52, 61.)  On July 23, 2024, another set of defendants, Land Home Financial Services, Inc. and MERS, filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  (ECF No. 53.)  Plaintiff filed numerous documents thereafter (ECF Nos. 56, 63, 67, 71), which the undersigned will construe as oppositions to Defendants' motions to dismiss.  In response to notices of default filed by Plaintiff, several Defendants also filed a further motion to dismiss and a motion to strike.  (ECF Nos. 57, 68.)  The moving Defendants filed reply briefs in support of their motions.  The Court took all of these motions under submission without oral argument.  (ECF No. 70.)

## II.   STANDARDS

### A. Rules 12(b)(1) and 12(b)(6)

The legal standards applicable to motions to dismiss under Rule 12(b)(1) and 12(b)(6) are set out at length in the Court's order on Defendants' last round of motions to dismiss.  (*See* ECF No. 44 at 2-4.)

### B. Rule 12(f)

A party may move to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. Proc. 12(f); *see Whittlestone, Inc. v. Handi-Craft Co*., 618 F. 3d 970, 973-74 (9th Cir. 2010).  A motion to strike should be granted if it is clear that the matters to be stricken could have no possible bearing on the subject matter of the litigation,

1    are wholly foreign to the issues involved or needless repetition of allegations.  *See Sliger v.*

2    *Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011); *Amini Innovation Corp. v.*

3    *McFerran Home Furnishings, Inc*., 301 F.R.D. 487, 490 (C.D. Cal. 2014).

4        **C. Rule 41(b)**

5        "If the plaintiff fails to prosecute or to comply with these rules or a court order, a

6    defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b); *Yourish*

7    *v. California Amplifier*, 191 F. 3d 983, 988 (9th Cir. 1999) (dismissal of action with prejudice

8    was not excessive sanction for failure to timely amend complaint).  To determine whether

9    dismissal under Rule 41(b) is appropriate, courts evaluate the following five factors: 1) the

10   public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket;

11   3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the

12   public policy favoring disposition of cases on their merits.  *Ferdik v. Bonzelet*, 963 F.2d 1258,

13   1260-61 (9th Cir. 1992).

14   **III.    ANALYSIS**

15       The TAC should be dismissed for failure to establish federal jurisdiction and for failure to

16   state a claim on which relief can be granted.  Because further amendment would be futile, the

17   case should be dismissed without further leave to amend.  Additionally, Notices of Default I and

18   II should be stricken.

19       **A.  The TAC Provides No Basis for Subject Matter Jurisdiction**

20       The TAC can effectively be divided into two parts: claims against (1) Judicial Defendants

21   and (2) Financial Institutional Defendants.

22       The first part makes a range of pronouncements against judges, including Defendants

23   Kara Kimiko Ueda and Myrlys Stockdale Coleman, and Magistrate Judge Barnes, who is not a

24   party to this action.  The TAC also mentions "all Judicial Officer's/Judges [sic] placing any ruling

25   against Affiant's Copyright and Trademark Trade Name JAMES EDWARD ELOY RILE

26   including any and all variations of that name . . . without Affiant's [Plaintiff's] express written

27   consent . . ."  (ECF No. 46 at 3.)

28       As for Magistrate Judge Barnes and the unidentified other "Judicial Officer's/Judges,"

1    none are defendants in the action.  Because they are not parties, Plaintiff cannot establish federal

2    subject matter jurisdiction simply by mentioning them offhand and claiming that they are

3    violating various federal laws (*e.g.,* "Copyright and Trademark," "violation of due process,"

4    "deprivation of rights under color of law (U.S. code 18 § 241, 242)," and "piracy, plundering of a

5    distressed vessel (18 U.S.C. Code § 1658 . . .")).  (ECF No. 46 at 4-5.)

6          Moreover, Plaintiff's reliance on criminal statutes is misplaced.  Criminal statutes

7    generally do not provide a private right of action.  *Cent. Bank of Denver, N.A. v. First Interstate*

8    *Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (explaining that criminal statutes generally do

9    not give rise to a private right of action).  It has long been clear that §§ 241 and 242 of Title 18 of

10   the United States Code do not provide a private right of action.  *Aldabe v. Aldabe*, 616 F.2d 1089,

11   1092 (9th Cir. 1980) (per curiam).  With respect to Plaintiff's purported piracy claim under 18

12   U.S.C. § 1658, the Court declines to imply a private right of action that would confer federal

13   question jurisdiction.  *See In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1230-31

14   (9th Cir. 2008) ("In the absence of clear evidence of congressional intent, [courts] may not usurp

15   the legislative power by unilaterally creating a cause of action.").

16         As for Defendant Judges Ueda and Coleman, Plaintiff complains they were "acting in an

17   inferior administrative adjudication of Affiant's [Plaintiff's] Fraud claims."  (*Id*. at 5.)

18   Adjudication of a litigant's case is a core judicial function for which the defendant judges are

19   entitled to absolute judicial immunity.  Unless the action was "taken in the complete absence of

20   all jurisdiction," judges are absolutely immune from civil liability for actions taken in their

21   judicial capacity.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *see also Stump v. Sparkman*, 435

22   U.S. 349, 355-56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to

23   civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are

24   alleged to have been done maliciously or corruptly.").  Plaintiff cannot establish federal subject

25   matter jurisdiction by claiming that the Judicial Defendants somehow violated his rights.

26         This first part of the TAC also mentions "Lee Seale, the Clerk of Court in the related

27   Superior Courts and Appeals court cases of Affiant [Plaintiff] in this matter." (ECF No. 46 at 4).

28   As with the defendant judges, Plaintiff's complaint against Defendant Seale also concerns state

court judicial proceedings.  (*Id.* at 5 ("proceeding in an inferior court without due process and without a trial by jury . . .")).  And as with the defendant judges, Defendant Seale is entitled to immunity for any acts directly related to those proceedings.  "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987).  Plaintiff cannot establish federal subject matter jurisdiction by claiming that Defendant Seale somehow violated his rights.  The first part of the TAC thus fails to establish federal subject matter jurisdiction.

The second part of the TAC makes several allegations against the Financial Institution Defendants: (1) that Defendant SchoolsFirst FCU made a fraudulent loan to Plaintiff; (2) that Defendants Land Home Financial Service and MERS "in an unconstitutional act of piracy" "together conducted fraudulent acts in order to steal Affiant's distressed property . . . by bringing a fraudulent claim of foreclosure"; and, (3) that Defendant MERS "cannot operate under the capacity they are operating under" by virtue of a bankruptcy ruling from 2010.  (ECF No. 46 at 6.)  The TAC contains no jurisdictional allegations against these Defendants.  Nor does the TAC contain any facts from which federal jurisdiction could be inferred,[1] though it is not inconceivable that Plaintiff could plead diversity jurisdiction over a Defendant that is incorporated and has its principal place of business in another state.  *Co-Efficient Energy Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 557 (9th Cir. 1987) ("Under 28 U.S.C. § 1332(c) a corporation is deemed a citizen of any state where it is incorporated and the state where it has its principal place of business").

The moving Defendants' jurisdictional arguments focus on the doctrine of standing.  (ECF No. 53 at 7; ECF No. 61 at 5.)  In substance, they argue that Plaintiff's conclusory allegations fail to show that the moving Defendants injured him.  It is certainly true that Plaintiff's allegations are too conclusory to plausibly show that the moving Defendants committed fraud or otherwise

---

[1]  Plaintiff does not explain what he means by "piracy" in this part of the TAC, though he elsewhere refers to the federal criminal piracy statute, 18 U.S.C. § 1658.  (ECF 46 at 4.)  As discussed above, the Court declines to imply a private right of action that would confer federal question jurisdiction over Plaintiff's purported piracy claim.  *See In re Digimarc Corp. Derivative Litigation*, 549 F.3d at 1230-31.

1  violated Plaintiff's rights, but that is an issue best dealt with under Rule 12(b)(6).  As explained

2  below, because the undersigned concludes that further amendment to address the TAC's pleading

3  deficiencies under Rule 12(b)(6) would be futile, the undersigned need not decide whether leave

4  to amend to address the jurisdictional deficiencies identified here would otherwise be warranted.

5       As a final point with respect to jurisdiction, Plaintiff appears to be challenging—however

6  vaguely—state court proceedings concerning his property.  (ECF No. 46 at 7 (stating that this

7  case "need[s] to be settled in order to make this Affiant [Plaintiff] and his family whole," with

8  reference to an eviction notice issued in a Sacramento County Superior Court proceeding).)  The

9  Court previously advised Plaintiff that under the *Rooker-Feldman* doctrine, a federal district court

10  is precluded from hearing "cases brought by state-court losers complaining of injuries caused by

11  state-court judgments rendered before the district court proceedings commenced and inviting

12  district court review and rejection of those judgments."  (ECF No. 44 at 5-6 (quoting *Exxon Mobil*

13  *Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)).)  The *Rooker-Feldman* doctrine

14  applies not only to final state court orders and judgments, but to interlocutory orders and non-

15  final judgments issued by a state court as well.  *Doe & Assoc. Law Offices v. Napolitano*, 252

16  F.3d 1026, 1030 (9th Cir. 2001); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n. 3

17  (9th Cir. 1986).  While the lack of clarity in Plaintiff's TAC as to precisely which state court

18  proceedings are at issue prevents the Court from conducting definitive *Rooker-Feldman* analysis,

19  it is likely that the *Rooker-Feldman* doctrine poses yet another barrier to establishing federal

20  jurisdiction over this case.

21       In sum, there appears to be no basis for federal jurisdiction in the TAC.  While that lack of

22  jurisdiction likely cannot be cured as to the Judicial Defendants, it is conceivable that it could be

23  cured as to the Financial Institution Defendants.  However, as explained below, the TAC fails to

24  state a claim against any defendant and further amendment as to statement of a claim would be

25  futile.  Leave to amend to add jurisdictional allegations as to the Financial Institution Defendants

26  would accordingly not save this action from dismissal.

27  ////

28  ////

### B.  The TAC Fails to State a Claim Upon Which Relief Can be Granted

Like the second amended complaint, the TAC fails to state a claim on which relief can be granted.  It does not state facts or the elements of any claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Instead, it consistently "offers 'labels and conclusions'" and makes "'naked assertions' devoid of 'further factual enhancements.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555, 557 (2007)).

The only potential claim that Plaintiff attempts to address in any detail is fraud, as alleged against certain of the Financial Institution Defendants.  Plaintiff alleges that Defendant SchoolsFirst FCU made a fraudulent loan to Plaintiff, and references "prima facie fraudulent defects" on loan documents without explaining what those supposed defects are.  (ECF No. 46 at 6.)  Plaintiff also alleges that Defendant SchoolsFirst FCU's loan was fraudulent based on (1) a convoluted explanation about the timing of certain DMV registration actions, and (2) the idea that Plaintiff's spouse could not permissibly co-sign for the loan.  (*Id*.)  Finally, Plaintiff alleges, without further explanation, that Defendants Land Home Financial Service and MERS "in an unconstitutional act of piracy" "together conducted fraudulent acts in order to steal Affiant's distressed property . . . by bringing a fraudulent claim of foreclosure."  (*Id*.)  These allegations fail to show a fraud claim upon which relief may be granted.

They do not satisfy Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'"  *Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)).

Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" *Vess v. Ciba—Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996)). The TAC is devoid of any allegations concerning any false or misleading representation. It is also devoid of any allegations concerning fraudulent intent.

Defendants' motions to dismiss for failure to state a claim should accordingly be granted. As explained below, that dismissal should be with prejudice, as further amendment would be futile.

Because dismissal is warranted under Rule 12(b)(6), the Court need not reach the question of whether dismissal should also be granted under Rule 41(b), as Defendants Travis Credit Union and Kevin Miller seek. (ECF Nos. 52, 61.)

### IV. Motion to Strike

Defendant SchoolsFirst FCU, Bill Cheney, Todd DeVoogd, and Nicole P. Dogwill filed a motion to strike Plaintiff's "Notice of Fault, Judicial Notice, Directed Order and Judgement by Court of Record" ("Notice of Default I"), which was docketed at ECF No. 50. (ECF Nos. 57.) The "Notice of Default I" is a 57-page document that the Court did not authorize Plaintiff to file and that, among other things, purports to unilaterally "award[]" Plaintiff damages against named Defendants (ECF No. 50 at 20, 22, 23, 25, 26). As Defendants argue, "The Notice of Default [I] cites a litany of federal and state statues and case law without a scintilla of factual analysis of how any of this legal authority pertains to actionable claims against the Defendants." (ECF No. 57 at 3.) The undersigned agrees. Defendant's "Notice of Default I" is immaterial and impertinent and should accordingly be stricken.

The same Defendants filed a second motion to strike, this time seeking to strike Plaintiff's

10

Judicial Notice, Notice of Default to all Respondents ("Notice of Default II"), which was docketed as ECF No. 63.  (ECF No. 68.)  It appears the Notice of Default II was an attempt to file an opposition to the Defendants' motions to dismiss but instead, among other things, purports to claim legal authority to deny all of Defendants' motions to dismiss and refers back to the Notice of Default I as binding authority.  (ECF No. 63 at 3, 7).  Defendants argue that the filing is immaterial, impertinent, and scandalous, as Plaintiff attempts "to make it seem as though the Court is entering a judgment against Defendant's individually in the public record," which "is misleading."  (ECF No. 68 at 8.)  The undersigned agrees and as such, Notice of Default II should be stricken.[2]

## V.    Further Leave to Amend Would be Futile

The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, it appears beyond doubt that further leave to amend would be futile.  Plaintiff has already amended his complaint three times.  While it is conceivable that Plaintiff could cure the jurisdictional defects of the TAC as to the Financial Institution Defendants, Plaintiff has not pleaded any viable causes of action against those Defendants.  Despite the Court's clear explanation regarding pleading requirements for claims of fraud (ECF No. 44 at 7-8), Plaintiff has failed to allege any misrepresentation or any culpable mental state on the part of the Financial Institution Defendants.  And Plaintiff has made only conclusory allegations regarding other asserted violations of the law, without any supporting facts.  *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (a court may deny leave to amend for, among other

---

[2] Plaintiff filed several other similar notices in recent weeks.  *See* ECF No. 71, 74-77, 79.  While those documents are, at a minimum, also impertinent and immaterial, the Court may not need to address them in detail in light of the recommendation that this action be dismissed with prejudice.

1  reasons, "repeated failure to cure deficiencies by amendments previously allowed . . . [and]

2  futility of amendment"); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058

3  (9th Cir. 2011) ("discretion to deny leave to amend is particularly broad where plaintiff has

4  previously amended the complaint") (cleaned up).

5       Amendment as to the Judicial Defendants would also be futile.  Despite the Court's clear

6  explanation of the doctrine of judicial immunity (ECF No. 44 at 8), Plaintiff has persisted in

7  making vague and often incomprehensible allegations against the Judicial Defendants (as well as

8  other judges who are not parties to this action, including Magistrate Judge Barnes).  Because

9  Judicial Defendants are entitled to judicial immunity for their actions in adjudicating Plaintiff's

10  other cases, the Court has no subject matter jurisdiction over them.  *See Bonin v. Calderon*, 59

11  F.3d 815, 845 (9th Cir. 1995) (a dismissal without further leave to amend is not an abuse of

12  discretion when the court lacks subject matter jurisdiction).

13  **VI.    CONCLUSION**

14       Accordingly, IT IS RECOMMENDED that:

15       1.  the Court grant:

16            a.  Defendants' various motions to dismiss pursuant to Rule 12(b)(6) (ECF Nos.

17                 47, 51, 52, 53, 61);

18            b.  Defendants' motions to strike (ECF Nos. 57, 68) the Notice of Default I (ECF

19                 No. 50) and Notice of Default II (ECF No. 63); and

20       2.  the Court dismiss Plaintiffs claims against all Defendants with prejudice.

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either Party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 18, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

13